IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSE DANIEL LAZOS,**

    **Plaintiff,**

    v.                                                                                                  CASE NO. 23-3259-JWL

**JEFF ZMUDA, et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights complaint under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. Although Plaintiff is currently in custody at the Harvey County Detention Center in Newton, Kansas, his claims arose during his incarceration at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). On December 20, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC"), granting Plaintiff until January 19, 2024, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC, or to file an amended complaint to cure the deficiencies. Plaintiff has failed to respond by the Court's deadline.

Plaintiff's factual allegations and the Court's screening standards are set forth in detail in the Court's MOSC. In summary, Plaintiff alleges that staff at LCF failed to remove his handcuffs or to provide him with something to sit on for about four hours after he was escorted to protective custody. Plaintiff alleges that he collapsed to the floor after his handcuffs were removed around 10:30 am, because he had been standing since 6 am. Officers noticed that Plaintiff was unresponsive and called a medical code, nurses arrived, and Plaintiff's wound on his chin was

1

treated by 11:30 am.  Plaintiff was then transferred to a restrictive housing cell.  Plaintiff alleges that he suffered injuries to his arms, wrists, elbows, and shoulders.

The Court found in the MOSC that:  Plaintiff failed to allege sufficient facts to show that a defendant was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they also drew the inference; Plaintiff's claims suggest, at most, negligence; Plaintiff's allegations regarding retaliation are generally conclusory, lacking facts to demonstrate any improper retaliatory motive; Plaintiff provides no factual information whatsoever to demonstrate any type of agreement was made between anyone and his bald allegation of a conspiracy is insufficient to state a claim; Plaintiff failed to allege that he was treated differently than other inmates that were similarly situated in every material respect; and Plaintiff failed to state a constitutional violation based on neglect, bystander liability, and inadequate supervision.  The Court also found that:  Plaintiff's request for injunctive and declaratory relief is moot because Plaintiff is no longer incarcerated at LCF; Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind; and Plaintiff's request to be released from post-release supervision must be brought in a habeas action.

The Court's MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim."  (Doc. 6, at 13.)  Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated January 25, 2024, in Kansas City, Kansas.**

                                                           **S/ John W. Lungstrum**
                                                           **JOHN W. LUNGSTRUM**
                                                           **UNITED STATES DISTRICT JUDGE**