Josedaniel Lazos
Name

800 N Main

Newton Ks 67114
Address

FILED

FEB 05 2024

Clerk, U.S. District Court
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

Josedaniel Lazos , Plantiff
*(Full Name)*

V.

John Doe, Captain , Defendant (s)
OIC Kouegey, C.O1 Young, C.O Collins,

CASE NO. **23-3259-JWL**
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

## A.  JURISDICTION

1) Jose Daniel Lazos , is a citizen of Kansas
   *(Plaintiff)*                                        *(State)*

   who presently resides at 800 N Main Newton KS 67114
                            *(Mailing address or place*
                            *of confinement.)*

2) Defendant John Doe Captain                                is a citizen of
             *(Name of first defendant)*

   Lansing Kansas                                , and is employed as
   *(City, State)*

   Captain                                                  . At the time the
   *(Position and title, if any)*

   claim(s) alleged in this complaint arose, was this defendant acting under the color of state

   law? Yes ☒ No ☐ . If your answer is "Yes", briefly explain:

   Sunday April 7th 2023, Captain John Doe was incharge of
   the overall security and operation of the Lansing Correctional Facility.

3) Defendant ___Jesse Howes_____ is a citizen of
          *(Name of second defendant)*

___Lansing Kansas_____, and is employed as
          *(City, state)*

___Warden_____. At the time the
          *(Position and title, if any)*

claim (s) alleged in this complaint arose was this defendant acting under the color of state

law?  Yes ☒  No ☐ . If your answer is "Yes", briefly explain:

During Plaintiffs custody at Lansing Correctional Facility
defendant was incharge of overall security operation and wellbeing
of all inmates.
(Use the back of this page to furnish the above information for additional defendants.)

4)  Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983. (If you wish to

assert jurisdiction under different or additional statutes, you may list them below.)

42 U.S.C. §1981, 42 U.S.C. §1985,

## B.  NATURE OF THE CASE

1)  Briefly state the background of your case:

Sunday April 9th 2023 Plaintiff was subjected
to cruel and unusual Punishment by Captain on shift
on the day mentioned above. Captain ordered Plaintiff
to be cuffed and kept in that manner until further
instructed. Plaintiff remained in that manner
from 6:15AM until 10:30AM without provocation.
The order given by Captain enforced by officers
O.T.C Kouegu, C.O Young, C.O Collins.

XE-2 8/82              CIVIL RIGHTS COMPLAINT §1983

## C.  CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been

   violated and that the following facts form the basis for my allegations: (If necessary you

   may attach up to two additional pages (8h" x 11") to explain any allegation or to list

   additional supporting facts.)

   A) (1) Count I: _Failure to Protect_____

   _____

   _____

   (2) Supporting Facts: (Include all facts you consider important, including names of

   persons involved, places and dates. Describe exactly how each defendant is involved.

   State the facts clearly in your own words without citing legal authority or argument.):

   _Facts included on Separate Sheets of_

   _paper._____

   _____

   _____

   _____

   B) (1) Count II: _Unconstitutional retaliation_____

   _____

   _____

   (2) Supporting Facts: _Facts included on Separate_

   _Sheets of paper_____

   _____

   _____

C) (1) Count III: _excessive use of force_

(2) Supporting Facts: _Facts included on separate sheets of paper._

## D.  PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1)  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?

Yes ☐   No ☒   If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    a)  Parties to previous lawsuit:

        Plaintiffs: _none_

        Defendants: _none_

    b)  Name of court and docket number _none_

    c)  Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _none_

    d)  Issues raised _none_

XE-2 8/82          CIVIL RIGHTS COMPLAINT §1983

e) Approximate date of filing lawsuit _none_

f) Approximate date of disposition _none_

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes ☒ No ☐. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought.

_Plaintiff filed multiple grievance's none were responded to nor returned to Plaintiff. Plaintiff filed an inner facility claim that was disapproved by the warden Jesse Howes, and Secretary Jeff Zmuda_

### 2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

_Request for relief included on seperate sheets of paper_

_____

Signature of Attorney (if any)

_____ (Signature of Plaintiff)

_____

_____

(Attorney's full address and telephone number)

XE-2 8/82                    CIVIL RIGHTS COMPLAINT §1983

5

01-14-2024

Plaintiff is filing suit against each defendant
in their individual capacity.

01-14-2024

①    Plaintiffs complaint stems from,

① Failure to protect

② excessive use of force

③ unconstitutional retaliation

④ Neglect of duty

⑤ discrimination

⑥ by stander liability

⑦ civil Conspiracy

⑧ due process

⑨ Conditions-of-Confinement

⑩ Failure to Supervise

⑪ deliberate Indifference

⑫ intentional infliction of emotional distress

by officers, Captain on Shift, O.I.C Kouegu, C.O.1 Young, C.O. Collins, of the Lansing Correctional Facility, on Sunday April 9th 2023. At 5:45am Plaintiff was assaulted and stabbed 4 times by 3 other inmates. After the altercation the Plaintiff went to the clinic to have his wounds treated; once nursing Staff finished the Captain on Shift was contacted. The Captain offered Plaintiff the opportunity to sign a protective Custody waiver so that he could return to his housing unit in general population.

② Plaintiff in fear of being killed if he remained in general population, refused to sign the waiver and requested protective custody. The Captain ordered S.O.r.t Shannon to cuff Plaintiff and escort him to the A-2 seg restricted housing unit. Then while being escorted out of the clinic, the Captain gave a second order for the Plaintiff to be kept handcuffed and remain cuffed until further orders were given by the Captain.

③ The first order given by the Captain to cuff the Plaintiff is standard policy procedure in order for Plaintiff to be escorted from the clinic in general population into the A-2 seg restricted housing unit. What is not standard policy procedure is for the second order given by the Captain to keep the Plaintiff handcuffed until further orders were given, for the fact being that there was no indication that the Plaintiff acted inappropriatly before or after the Captain gave the initial order to cuff the Plaintiff or before or after the second order to keep the Plaintiff cuffed until further instruction.

④ Plaintiff's behavior and conduct was obedient, non-combative, and non disruptive. 100% compliance was given by the Plaintiff, and the refusal to sign the protective custody waiver is a right protected by the Fourth Amendment of the United States Constitution, gueted guaranting equal protection of the law.

⑤ From the time the altercation happened at 5:45 AM until 10:30 AM when the handcuffs were finaly removed Plaintiff had not commited any disciplinary infraction or provoked the officers in any manner. Once the Plaintiff was locked in a holding cage, he was left there cuffed behind his back. The fact that during the time that the Plaintiff remained hand cuffed, the Captain and other guards reviewed the facility security camera footage to find the other 3 inmates that assaulted and stabbed the Plaintiff.

⑥ Once the 3 inmates were found they were brought to the A-2 seg restricted housing unit, they were placed in shower stalls along with empty milk crates to sit on, the doors locked securing the inmates inside, but unlike the Plaintiff they were immediately uncuffed. At this point in time the Plaintiff had been held in the cage handcuffed behind his back approximately one(1) hour and fifteen (15) minutes.

⑦ The intake process into the A-2 seg restricted housing unit is conducted by logging each inmate into the data base, and finding a housing cell, changing the inmates clothing from general population to segregation restricted housing clothing. Even though Plaintiff was the first to arrive and had been waiting locked within the holding cage still cuffed behind his back, the officers OIC Kouegu, C.O.1 Young and C.O Collins processed the other 3 inmates first whom had arrived at 7:30 AM and by 9:00 AM were processed and transfered to the A-1 seg restricted housing unit.

⑧ Plaintiff requested that the officers remove the cuffs on seperate occasions that the officers would walk past the holding cage. Through out the Four hour time frame in which the Plaintiff remained he pleaded with "Officer In Command" O.I.C Kouegu to remove the cuffs because the pain Plaintiff was suffering from was severely painful. Defendant Kouegu refused.

⑨ Plaintiff had a wound on his jaw that leaked blood and saliva that had Saturated the front of the white T-Shirt he wore. Although Plaintiff cannot recall each and every single time he requested from each of officers Kouegu, Young, and Collins, Plaintiff does recall that each request was denied. The only relavent factor of the complaint at this point of Plaintiff recitation is the pa fact that the Officers refused to remove the hand cuffs.

⑩ The officers would at Time's during the Four hours be at the front desk sitting and Plaintiff would call out to them requesting that they please remove the cuffs. When officer Collins would walk past the cage Plaintiff would ask him to help him and remove the cuffs, Plaintiff explained to officer Collins that he had multiple injuries from the altercation and that his shoulders were in Severe pain Caused from the altercation and from being cuffed for an excessive amount of time. Officer Collins would simply refuse to help and walk away.

(11) On the instances that the Plaintiff remembers talking to C.O 1 Young and asking him to remove the cuffs Plaintiff recalls defendant Young responding by saying "I'm not in charge, O.I.C Kouegu is".

Plaintiff ~~resop~~ responded saying "Can you please ask him to talk to me about removing the cuffs, because my shoulders are in severe pain and the cut on my jaw is bleeding."

Defendant Young walked to the front desk and a short time after O I C Kouegu aproached the cage.

Defendant Kouegu says "what's up man"

Plaintiff asked Officer Kouegu "why wont you remove the cuffs, I haven't done anything wrong to be kept cuffed, can't you see I'm bleeding from my face, and my shoulders are really hurting".

Defendant Kouegu said "I cant removed the cuff man, the Captain said to keep you like this".

Plaintiff asked "why does the captain want me cuffed,?

Defendant Kouegu answered "I dont know, that's just what he ordered"

Plaintiff responded "I'm not being disruptive or combative, and I'm locked inside the holding cage, call the Captain and ask him to give the order to remove the Cuffs.

Defendant Kouegu answered "I call and ask".

Then officer Kouegu walk to the front desk were he remained for an unknown amount of time according to Plaintiff. The exact time of each request the Plaintiff made to the three officers is something the Plaintiff can't remember because of the severity of the pain he was enduring through out the Four hours he remained cuffed locked in the small holding cage.

(12) Plaintiff was subjected to extreme amount of physical pain, and psycological and emotional distress intentionaly inflicted by the officers, whom repeatedly refused to uncuff Plaintiff, although Four hours to a person that is occupied with different tasks through out an eight hour work day pass by what might seem like a relatively short amount of time, Four hours standing in a locked small cage cuffed behind a persons back feels like a 20 hour work day with the added task of enduring unprovoked excessive amount of pain and suffering.

(13)  The behavior of an inmate, dictates the level of restraint applied by prison guards. Basic restraints consist of handcuffs placed on a prisoners wrists usually behind a ~~person~~ persons back. The amount of time the restraints are kept on an inmate, vary according to multiple factors. Uncooperative, Combative, violent, or unresponsive inmates are deemed a threat to facility order and security. As a disciplinary measure inmates are kept in varying types of restraints such as, handcuffs, leg Iorns, restraint chairs, or spit masks, for varying periods of time.

(14)  A detailed log of the inmates behavior is to be kept as evidence per policy procedure and according to the severity of the matter Security Officer Response Team members are required to document the security measures taken, on recorded video camera footage. Plaintiff, on the day of the matter in question had not violated any facility rule, regulation, or procedure, requiring officers to apply the level of restraint used.

(15)  Because there is no indication that the Plaintiff acted inappropriately before or after he requested protective custody, even after being assaulted and stabbed four times the officers actions were a wanton and unnecessary infliction of pain and harm for no ligitamate purpose was conduct that did not purport any disciplinary rational to justify it. but was more than an ordinary lack of due care of the Plaintiffs intrests of health and safety.

(16) Failure to Supervise claim is met by the fact that on the day of the matter in question Sunday April 9th 2023 the supervisor Captain in charge of the Lansing Correctional Facility's overall security and well being of all the inmate's within it. Failed to protect the Plaintiff by retaliating against Plaintiff by an order given by the Captain to keep the Plaintiff handcuffed behind his back while also secured locked in a holding cage longer than security measures required to do so.

(17) The order the Captain gave to keep the Plaintiff handcuffed was enforced by Officers O.I.C Kowegu, C.O1 Collins, C.O. Young, through a time period lasting more than Four hours. Which was an excessive use of force with malice and a sadistic intent to cause pain and harm with no disciplinary rational or penal purpose to justify it. Because Plaintiff was already suffering from injuries to his head, face, arms and body sustained during an altercation with other inmates. It is completely unreasonable to believe that Plaintiff whom requested protective Custody was at that time any type of security threat that jeopardized the order and safety of the facility.

⑱ The order for the Plaintiff to be kept handcuffed and the amount of time the order was enforced combined with the unprovoked pain endured by the Plaintiff and the permanent injuries caused violated Plaintiffs Eighth Amendment right to be free from cruel and unusual Punishment. Becaus the Eighth Amendment right was clearly established at the time of the violation the Plaintiff is entitled to redress of grievances by the Court.

⑲ In 1981 the Supreme Court Stated that being assaulted in prison is simply not "part of the penalty that Criminal offenders pay for their offenses against Society."

⑳ In 1994 the court held that the Eighth Amendment imposes affirmative duty on prison officials to take reasonable measures to guarantee the safety of inmates; Citing; Farmer v. Brennan, 511 U.S. 852, 832, 114 S. Ct. (1970) 128 L.Ed.2d 811 (1994)

21) Citing; Farmer 511 U.S. at 837, 114 s.ct.(1970) under this standar the official must both beaware of the facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. This high standard for imposing personal liability on prison officials is necessary to ensure that only those prison officials that inflict punishment are liable for violating the dictates of the Eighth Amendment. Id. at 835-45, 114 s.ct (1970); see also: Self v. Crum, 439 F.3d 1227, 1232 (10th Cir. 2006)

22) Being kept hand cuffed with his hands behind his back upto Four hours, is alot more painful than an average person might assume. It is an irregular position for the human arms to remain in for more than a few minutes. The pain can be described as a burning sensation, an extreme streching of the ligaments, tendons and muscles, the elbows, wrists, and shoulders rotator cuffs are severely affected, limiting range of motion.

23) Tearing of the tissue can cause extremely painful irreparable injury and harm. Thus which the Plaintiff has unfortunately suffered. The Plaintiff lives with a debilitating condition known as neuropathy that causes Fibromalgia that deteriorates muscular health weakening multiple types of tissue, Plaintiff has suffered from this condition sense childhood.

㉔ The actions taken by officers, severely damaged Plaintiffs shoulders, who now suffers extreme pain, by simply attempting to fulfill basic daily activities and chores. Like scrubing his back while bathing, the act of reaching backwards causes extreme pain. Raising his arms to put on a T-Shirt or taking it off. Physical Training such as push ups, or pull ups are not tasks Plaintiff can't accomplish.

㉕ Plaintiff while still in custody at the Lansing Correctional Facility filed multiple grievances in an attempt to satisfy the exhaustion of remedies the informal and formal inner facility requirements. None of the grievance forms filed regarding this matter were responded to by the housing unit team manager or the facility Warden Jesse Howes.

㉖ Plaintiff also filed an Injury claim form on April-14-2023 in it plaintiff addressed the issues described in this complaint. On 5-30-2023 the warden Disapproved the claim, and on 07-03-2023 the secretary of Corrections Jeff Zmuda Disapproved the claim. On 09-28-2023 Plaintiff wrote the Secretary of Corrections Jeff Zmuda requesting an appeal of the disapproval of the injury claim with no response received by Plaintiff until current day of January-14-2024. a hand writen copy of the letter included with Complaint.

(27) Supervisor liability needs to apply to warden of the Lansing Correctional Facility, Jesse Howes for failing to address the issue's brought forth in this complaint when Plaintiff filed multiple grievances to achieve some sort of resolution. A total of 3 grievance form were filed by Plaintiff and none were responded to, no action to discipline the Officers Captain on shift the day of the matter in question O.I.C Kouega, CO1 Young, C.O Collins.

(28) Although Warden Jesse Howes was not directly involved in the violation of the Plaintiffs constitutional rights on the day of Sunday April 9th 2023, because he did not participate or acquiesced in the matter the Warden Jesse Howes deliberate indifference in not addressing and responding to Plaintiffs grievances violated Plaintiff right to due process. Further more the warden failed to supervise.

(29) Plaintiff cites; Laury v. Greenfield, 87 F.supp.2d 1210 (D. Kan 2000)

Written Copy of letter to Secretary Jeff Zmuda

Secretary of Corrections                    9-28-2023
mr. Jeff Zmuda

I am writing this letter as a informal request
for a Compassionate Release and reinstatement
of my parole.
    Due to multiple inner facility incidents and
primarily Case Number AA115819, tha involved
multiple Lansing Correctional officers such as
LT Hughly, OIc Kauegu, CO 1 Young, C.O Collins
8.o.r.t. Shannon.

An order was given Requiring me Jose daniel Lucas
KDOC# 100636 to be kept handcuffed behind my
back within a Visitation Cage of the LCF A-2 seg
unit with nothing to sit on, or anything to drink.
From 6am until 10:30am on Sunday April 9th 2023 only
because I requested Protective Custody.
The agonizing pain I suffered that morning
was not warranted. I filed multiple grievance's
regarding this matter and none were responded
or returned to me while housed at LCF.
The injury request claim I filed has been disapproved
and I am requesting to appeal that descicion.
I am also requesting that any dead line time frames
not met on my behalf be waived due to delivery
complications caused by Facility Transfers and relocation.

I believe that I am entitled to the following relief.
Wherefore, Plaintiff respectfully pray that this court enter judgment granting Plaintiff

1) A declaration that the acts and omissions described herein violated Plaintiffs rights under the Constitution and laws of the United States

2) Compensatory damages in the amount of $120,000.00 against each defendant jointly and severally.

3) Punitive damages in the amount of $240,000.00 against each defendant jointly and severally.

4) A trial by jury on all issues triable by jury

5) Plaintiffs costs in this suit

6) Any additional relief this court deems just and proper and equitable.

Dated 01-14-2024

Respectfully Submitted
Jose daniel Lazos
800 N Main
Newton KS 67114

## Varification

I have read the foregoing Complaint and hereby verify that the matters alleged therein are true except to matters alleged on information and belief and as to those I believe them to be true.
I certify under penalty of purjury that the foregoing is true and correct.

Executed at Newton, Kansas on 01-14-2024

Jose daniel Lazos