IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSE DANIEL LAZOS,

    **Plaintiff,**

    v.                                                      CASE NO. 23-3259-JWL

JEFF ZMUDA, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Although at the time of filing Plaintiff was in custody at the Harvey County Detention Center in Newton, Kansas, his claims arose during his incarceration at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). Plaintiff has since been released from custody.

On December 20, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC, or to file an amended complaint to cure the deficiencies. Plaintiff filed an Amended Complaint (Doc. 9), and on February 26, 2024, the Court entered a Memorandum and Order (Doc. 11) ("M&O") dismissing Plaintiff's claims against Warden Jesse Howes and directing Kansas Department of Corrections ("KDOC") officials to submit a *Martinez* Report. The M&O provides that "[o]nce the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A." (Doc. 11, at 6.) The *Martinez* Report (Doc. 18) (the "Report") was filed, and on June 4, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 22) ("MOSC II") granting Plaintiff until July 3, 2024, in which to respond to the Report and to show good cause why his remaining claims should not be dismissed for the reasons set forth in the MOSC II. Plaintiff has failed to respond by the Court's deadline.

1

## I. Nature of the Matter Before the Court

Plaintiff's allegations are set forth in detail in the Court's M&O.  In summary, Plaintiff alleges that on April 9, 2023, at 5:45 am, Plaintiff was assaulted and stabbed four times by three other inmates at LCF.  (Doc. 9, at 7.)  After the altercation, Plaintiff went to the clinic to have his wounds treated, then the Captain was contacted and Plaintiff was offered the opportunity to sign a protective custody waiver so that Plaintiff could return to his housing unit in general population.  *Id*.  Because of his fear that he might be killed in general population, Plaintiff refused to sign the waiver and requested protective custody.  *Id*. at 8.  The Captain ordered SORT Shannon to cuff Plaintiff, to escort him to the A-2 seg restricted housing unit, and to keep Plaintiff cuffed until further orders were given by the Captain.  *Id*.  Plaintiff alleges that he was being obedient, non-combative, non-disruptive, and 100% compliant.  *Id*.  Plaintiff alleges that the three inmates that assaulted him were processed and uncuffed prior to Plaintiff, even though they arrived at segregation after Plaintiff.  *Id*. at 9.  Plaintiff alleges that his requests to be uncuffed were denied, he remained standing in the holding cage with his hands cuffed behind his back for approximately four hours, and his shoulders were severely damaged.  *Id*. at 10, 17.

Plaintiff names as defendants:  Jesse Howes, LCF Warden; John Doe, LCF Captain; (fnu) Kouegu, LCF Officer in Command;  (fnu) Young, LCF CO1; (fnu) Collins, LCF CO.  For relief, Plaintiff seeks declaratory relief; compensatory damages in the amount of $120,000; and punitive damages in the amount of $240,000.  *Id*. at 20.

## II. The Report

The details of the Report are set forth in detail in the Court's MOSC II.  In summary, the Report provides that Plaintiff was not placed in handcuffs in the holding cell for no reason, but rather due to his demeanor towards officers turning erratic, threatening, and aggressive as they

2

inquired into the circumstances surrounding his injuries. (Doc. 18, at 5.) The Report provides that "[r]elying on Captain Rasmussen's training and experience, it was determined that [Plaintiff] should remain handcuffed until he could be relocated to a cell within restricted housing." *Id*. The Report maintains that Defendants "did not act maliciously nor sadistically for the purpose of causing harm to [Plaintiff] [and,] [i]nstead, [Plaintiff] was handcuffed in good faith to restore discipline while his new cell was being prepared." *Id*. at 6. The Report also states that the lack of any visits or complaints to the doctor, nurses, or any medical personnel regarding an injury sustained while being handcuffed "further suggests that the use of force was *de minimis*." *Id*.

## III. DISCUSSION

In the M&O, the Court dismissed Plaintiff's claims against Warden Howes and ordered a *Martinez* Report on Plaintiff's excessive force, failure to protect, and retaliation claims. The Court also found that to the extent Plaintiff mentions other claims in passing in his Complaint,[1] the claims are denied for the reasons set forth in the Court's MOSC. The Court found in the MOSC that Plaintiff's equal protection claim was subject to dismissal because Plaintiff failed to allege that the other inmates were similarly situated in every material respect. The Court also found that Plaintiff failed to state a constitutional violation based on neglect, bystander liability, and inadequate supervision.

In the MOSC II, the Court screened Plaintiff's remaining claims based on excessive force, failure to protect, and retaliation. Plaintiff alleges a failure to protect in Count I; unconstitutional retaliation in Count II; and excessive use of force in Count III. (Doc. 9, at 3–4.) He does not set forth facts surrounding the initial assault or argue that staff failed to protect him regarding the

---

[1] Plaintiff states that his Complaint "stems from": failure to protect; excessive use of force; unconstitutional retaliation; neglect of duty; discrimination; bystander liability; civil conspiracy; due process; conditions of confinement; failure to supervise; deliberate indifference; and intentional infliction of emotional distress. (Doc. 9, at 7.) However, other than the first three, he has not stated these as counts in his Complaint and merely lists them without explanation.

initial assault by the other inmates. He also fails to assert a claim based on his medical care. All of Plaintiff's claims appear to be based on the fact that his handcuffs were not removed for over four hours while he was waiting for his cell in segregation.

The Court found in the MOSC II that although Plaintiff's claims suggest Defendants were negligent, he must show more than negligence to state an Eighth Amendment violation. Claims under § 1983 may not be predicated on mere negligence. *See Vasquez v. Davis*, 882 F.3d 1270, 1277–78 (10th Cir. 2018) (deliberate indifference requires more than negligence) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

The Court also found that Plaintiff failed to show that any Defendant knew of and disregarded an excessive risk of harm. A defendant's subjective intent is inherent in the concept of deliberate indifference. *Martinez v. Garden*, 430 F.3d 1302, 1303 (10th Cir. 2005). "[A]n official's intent matters not only as to what the official did (or failed to do), but also why the official did it." *Hooks v. Atoki*, 983 F.3d 1193, 1204 (10th Cir. 2020) (citing *Strain v. Regalado*, 977 F.3d 984, 993 (10th Cir. 2020)). Plaintiff must "establish that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Strain*, 977 F.3d at 990 (citations and alteration omitted).

The Court found that Plaintiff failed to state an Eighth Amendment claim. The Court also found that Plaintiff failed to allege specific facts showing retaliation by any of the Defendants.

The Court ordered Plaintiff to show good cause why his claims should not be dismissed for failure to state a claim. The MOSC II provides that "[f]ailure to respond by the Court's deadline may result in dismissal of this action without further notice." (Doc. 22, at 10.) Plaintiff has failed to respond to the MOSC II by the Court's deadline and has failed to show good cause why this

matter should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated July 15, 2024, in Kansas City, Kansas.**

                                      **S/ John W. Lungstrum**
                                      **JOHN W. LUNGSTRUM**
                                      **UNITED STATES DISTRICT JUDGE**